UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WESTERN FLYER EXPRESS, LLC, *et al.*,<br>*Plaintiffs*,<br><br>v.<br><br>KEITH E. SONDERLING, in his official capacity as Secretary of the United States Department of Labor, *et al.*,<br><br>*Defendants*. | No. 6:25-cv-517-CRW |

**MEMORANDUM OPINION AND ORDER**

## I. Factual Background

Western Flyer Express, LLC ("Western Flyer") employed Keelee Chafford until she complained about alleged unsafe equipment and regulation violations. Dkt. No. 8 at 8. Following Chafford's complaints, Western Flyer fired her, refused to pay backpay, and cancelled a purchase contract with her. *Id.*

As a result, Chafford filed an anti-retaliatory complaint with the Occupational Safety and Health Administration ("OSHA") alleging that Western Flyer discharged her in violation of a whistleblower provision under the Surface Transportation Assistance Act ("STAA").[1] Dkt. No. 1 at 4. Chafford sought backpay, compensatory damages, and punitive damages. *Id.* at 5. OSHA dismissed her complaint, and Chafford appealed to a Department of Labor administrative law judge ("DOL ALJ"). *Id.* at 4. The DOL ALJ scheduled a hearing for Chafford's appeal against Western Flyer. Dkt.

[1] 49 U.S.C. § 31105.

No. 8 at 8.

Before the DOL ALJ hearing occurred, Western Flyer moved for a preliminary injunction asking this Court to enjoin the DOL[2] from holding the ALJ hearing. Dkt. No. 5. The DOL countered with a motion to dismiss and a motion for summary judgment in the alternative. Dkt. No. 8.

For the reasons explained below, the Court **DENIES** Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 5) and **DENIES** Defendants' Motion to Dismiss, or in the Alternative Motion for Summary Judgment, and Opposition to Motion for Preliminary Injunction (Dkt. No. 8).

## II. LEGAL STANDARDS

To obtain a preliminary injunction, the movant must show:

> (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest.

*Google, Inc. v. Hood*, 822 F.3d 212, 220 (5th Cir. 2016) (quotation omitted).

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the

[2] The Court automatically substituted Keith E. Sonderling, in his official capacity as Secretary of the United States Department of Labor, for the previously named defendant, Lori Chavez-DeRemer under FED. R. CIV. P. 25(d).

misconduct alleged." *Id.* (quotation omitted). More than a "sheer possibility" is required. *Id.* This Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) (quotation omitted). "Labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quotations omitted).

Summary judgment is proper if "there is no genuine dispute as to any material fact" and the movant "is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if its resolution could affect the case's outcome. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citation omitted). A dispute is genuine when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The movant bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmovant must come forward with specific facts that establish the existence of a genuine issue of material fact. *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Hillman v. Loga*, 697 F.3d 299, 302 (5th Cir. 2012) (quotation omitted). When deciding if a fact issue exists, courts must draw all reasonable inferences in the nonmovant's favor, and it "may not make credibility determinations or weigh the evidence." *Tiblier v. Dlabal*, 743 F.3d 1004, 1007

(5th Cir. 2014) (quotations omitted).

## III. DISCUSSION

### A. Western Flyer's Preliminary Injunction

Western Flyer moved for a preliminary injunction based on two claims. Claim I argues that the DOL ALJ's non-jury adjudication of Chafford's anti-retaliation claims violates the Seventh Amendment of the Constitution such that Western Flyer is entitled to a jury in an Article III court. Dkt. No. 5 at 7-10. Claim II argues that the DOL ALJ's double for-cause removal protections violate Article II of the Constitution such that the DOL ALJ hearing is unconstitutional. *Id.* at 10-12. Although Western Flyer is likely to succeed on the merits of both claims, it failed to show irreparable harm.

#### i. Likelihood of Success on the Merits

##### a. Claim I

Starting with Claim I, the Seventh Amendment guarantees "the right of trial by jury" "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. CONST. amend. VII. The Amendment applies to claims that are "legal in nature." *SEC v. Jarkesy*, 603 U.S. 109, 122 (2024) (*Jarkesy II*). Courts decide whether claims are "legal in nature" by determining whether the cause of action resembles a common law cause of action and whether the remedy is of the sort that was traditionally obtained in a court of law. *Id.* at 122-23. A claim is "legal in nature" when the statutory claim and its common law analogue "target the same basic conduct." *Id.* at 125-26. As to remedy, "monetary relief can be legal or equitable," but

"money damages are the prototypical common law remedy." *Id.* at 123. Ultimately, whether a remedy is legal in nature turns on whether "it is designed to punish or deter the wrongdoer, or, on the other hand, solely to 'restore the status quo.'" *Id.* at 123 (quoting *Tull v. United States*, 481 U.S. 412, 422 (1987)).

In *BNSF Railway*, for example, the Eighth Circuit applied these principles to hold that the Seventh Amendment guarantees a jury trial for a similar anti-retaliatory claim under the whistleblower provision of the Federal Railroad Safety Act. *BNSF Ry. Co. v. DOL*, --- F.4th ---, 2026 WL 2607231 (8th Cir. Sep. 3, 2026). That case recognized that anti-retaliation claims are analogous to common law wrongful discharge claims because they are functionally breaches of contract that "suggest[] entitlement to a jury trial" and because anti-retaliation claims basically sound in tort. *Id.* at *2.

Regarding remedy, *BNSF Railway* held that anti-retaliatory remedies (reinstatement, backpay, compensatory damages, and punitive damages) are legal remedies. *Id.* That is because in addition to offering the "equitable remedy of reinstatement," these remedies are "designed to punish or deter." *Id.* These remedies are designed to punish or deter because they "impose personal liability on the defendant," are "measured by the plaintiff['s] loss," and do not "involve traceable funds that belong to the plaintiff and are being unlawfully held by the defendant." *Id.* (quotations omitted).

Here, it is likely that Chafford's anti-retaliation claim is sufficiently analogous to a common law wrongful discharge claim because both target the same basic

conduct: the employer's unlawful termination of the employee's employment. *See id.* ("retaliatory discharge is analogous to a common-law wrongful discharge claim"). Chafford's anti-retaliation remedies are also likely legal in nature because they are designed to punish or deter and because they provide more than equitable relief. *See id.* (holding that anti-retaliatory remedies are "designed to punish or deter."). Thus, Chafford's anti-retaliatory claim is likely entitled to a jury trial under the Seventh Amendment.

Despite this, OSHA incorrectly contends that the "public rights" exception removes anti-retaliation claims from the scope of the Seventh Amendment. Dkt. No. 8 at 14-16. Under the public rights exception, Congress may assign the claim for adjudication to non-jury administrative proceedings, consistent with the Seventh Amendment. *Jarkesy II*, 603 U.S. at 127. For example, relations with Indian tribes, administration of public lands, granting public benefits (such as payments to veterans), pensions, and patent rights fall within the public rights exception. *Id.* at 130.

Anti-retaliation claims are private causes of action between two private parties, and jury trials are compatible for adjudication. *See BNSF Ry. Co.*, 2026 WL 2607231, at *3 (holding a similar anti-retaliation claim does not fall within the public rights exception). In fact, the STAA provides for Article III adjudication of anti-retaliatory claims (in which either party may demand a jury) if the DOL has not issued a final decision within 210 days of the complaint's filing date.[3] Thus, anti-retaliation claims do not fall into the public rights exception. Western Flyer is likely to succeed

[3] 49 U.S.C. § 31105(c).

on the merits of Claim I.

**b. Claim II**

On Claim II, Western Flyer argues that the Fifth Circuit's decision in *Jarkesy I* directs this case in their favor because the DOL ALJ's double for-cause removal protection unconstitutionally impedes the President from removing them. Dkt. No. 5 at 10-12.

In *Jarkesy I*, the Fifth Circuit held that the statutory removal protections that protect Securities and Exchange Commission (SEC) ALJs are unconstitutional. *Jarkesy v. SEC*, 34 F.4th 466, 459 (5th Cir. 2022). In *Jarkesy I*, the Fifth Circuit applied the Supreme Court's line of Appointments and Take Care Clause cases to hold that SEC ALJs are "sufficiently insulated from removal [such] that the President cannot take care that the laws are faithfully executed." *Id.* at 465. Western Flyer argues that DOL ALJs suffer from the same constitutional infirmities that doomed the SEC ALJs in *Jarkesy I* because both ALJs exercise functionally equivalent powers and enjoy multiple for-cause removal protections. Dkt. No. 5 at 10-11.

The Southern District of Texas recently addressed this exact issue in *ABM Industry*. *See ABM Indus. Grps., LLC v. DOL*, 756 F.Supp.3d 468 (S.D. Tex 2024), *vacated per settlement*, 2024 WL 6076919. In *ABM Industry*, Judge Lake concluded that the DOL ALJ's double for-cause removal protections are unconstitutional under *Jarkesy I* because:

> DOL ALJs exercise similar executive functions as SEC ALJs and because they are insulated by two layers of removal protection – two of the same layers protecting SEC ALJs. The court agrees that *Jarkesy* [*I*] is dispositive. SEC ALJs' authority to conduct hearings are essentially the

> same as DOL ALJs, and DOL ALJs are therefore "Officers of the United States" under *Lucia*. *Jarkesy* [*I*] therefore requires that DOL ALJs not be insulated by two layers of good-cause removal protections

*Id.* at 476.

This Court agrees with *ABM Industry* and Western Flyer. The DOL ALJ's double for-cause removal protections are likely unconstitutional under *Jarkesy I*. Thus, Western Flyer is likely to succeed on the merits of Claim II.

On Claim II, the DOL contends that the appropriate relief is severing the DOL ALJ's removal protections, rather than enjoining the DOL ALJ adjudication of Chafford's anti-retaliation claim. Dkt. No. 8 at 17. Because this issue is not dispositive as to the likelihood of success on the merits, the Court declines to address this issue.

**ii. Irreparable Harm**

Western Flyer argues that it will suffer irreparable injury by being subjected to the DOL ALJ's allegedly unconstitutional proceeding. Dkt. No. 5 at 12-13. Western Flyer's argument fails because the DOL ALJ stayed the hearing pending this Court's proceedings. *Chafford v. Western Flyer Xpress/RWTL*, ALJ No. 2025-STA-00096, at Dkt. No. 3. As a result, subjecting Western Flyer to an allegedly unconstitutional hearing is no longer a risk. *See Space Expl. Techs. Corp. v. NLRB*, 151 F.4th 761, 780 (5th Cir. 2025). Therefore, the Court denies Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 5).

**B. DOL's Motion to Dismiss**

For the reasons outlined in Section III.A., Western Flyer has stated a plausible claim for relief. Therefore, this Court denies Defendants' Motion to Dismiss (Dkt. No.

8).

### C. DOL's Motion for Summary Judgment

For the reasons outlined in Section III.A., the DOL is not entitled to judgment as a matter of law. Therefore, this Court denies Defendants' Motion for Summary Judgment (Dkt. No. 8).

## IV. CONCLUSION AND ORDER

For the reasons explained above, it is **ORDERED** that Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 5) is **DENIED** and Defendants' Motion to Dismiss and Motion for Summary Judgment in the Alternative is **DENIED** (Dkt. No. 8).

So ordered on October 20, 2026.

Chris Wolfe

CHRISTOPHER R. WOLFE
UNITED STATES DISTRICT JUDGE